UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISMELY HERRERA BARRIOS,

      Petitioner,

    v.                              Case No.:  2:26-cv-00854-SPC-DNF

MARKWAYNE MULLIN *et al.*,

      Respondents,

                             /

## **OPINION AND ORDER**

Before the Court are Ismely Herrera Barrios's Motion to Enforce (Doc. 8) and the government's response (Doc. 9).

Herrera Barrios, a noncitizen in immigration detention, sought habeas relief from this Court.  He claimed the government unlawfully detained him under 8 U.S.C. § 1225(b)(2), which mandates detention, rather than § 1226(a), which authorizes discretionary detention and entitles detainees to a bond hearing.  The Court agreed and ordered the respondents to either bring Herrera Barrios before an immigration judge for a bond hearing or release Herrera Barrios from custody.

A bond hearing was held on April 16, 2026.  Although the immigration judge found he lacked the authority to consider release on bond based on the EOIR's interpretation of the Immigration and Nationality Act and its implementing regulations, the judge also addressed the merits of Herrera

Barrios's request for release on bond and found him to be a flight risk.

Specifically, he found:

> In terms of flight risk, the Court has carefully considered the 9 Guerra factors, the Court finds that Respondent is a flight risk based on that Respondent has not provided proof of a fixed address, no proof of ownership of any property, no close immediate family that have any status, and sponsor's income does breach poverty guidelines.

(Doc. 8-1 at 3).

Herrera Barrios thus received the process the Court ordered.  The proper way to challenge the result of the bond hearing is appeal to the Board of Immigration Appeals.  Accordingly, Herrera Barrios's post-judgment motion (Doc. 8) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on April 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

2